IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                          CRIMINAL ACTION NO. 3:02-00069-02

MARQUIS DAVIS,

**MEMORANDUM OPINION AND ORDER**

Pending is Marquis Davis's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 674). Davis cites the recent decision of Judge Paul L. Friedman in the case of *U.S. v. Lewis*, as support for his motion. 623 F.Supp.2d 42 (D. D.C. 2009). In *Lewis,* Judge Friedman stated that he "now adopts a 1-to-1 crack-to-powder ratio, and will apply the 1-to-1 ratio in all crack cocaine cases that come before [him] for sentencing in the future." *Id.* at 45. Davis argues that this Court should adopt Judge Friedman's approach and apply it retroactively to his case, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons explained below, the Court declines the request and **DENIES** the motion.

**Discussion**

Marquis Davis was indicted along with 12 co-defendants on March 12, 2002. On July 1, 2002, he pled guilty to Count Twenty-Seven of that indictment, charging him with distribution of more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The Court sentenced him on September 26, 2002, to a term of imprisonment of 168 months, a sentence at the low end of the then applicable guideline range.

In November 2007, the Sentencing Commission promulgated Amendment 706 to the US Sentencing Guidelines, which reduced base offense levels under the guidelines for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made 706 retroactively applicable. *See* U.S.S.G. App. C, Amend 713 (Supp. May 1, 2008). These amendments to the applicable guideline ranges were made to reduce, in part, the disparities between sentences for crack cocaine and powder cocaine. Mr. Davis benefitted from the amendments when the Court reduced his sentence on May 21, 2008, to a term of 135 months.

Shortly after Amendment 706 to the U.S. Sentencing Guidelines, the U.S. Supreme Court decided the case of *Kimbrough v. U.S.* 552 U.S. 85 (2007). In *Kimbrough*, the Court made clear that federal district courts could vary from sentencing ranges suggested by the Guidelines based on their disagreement with the crack/powder cocaine disparity reflected in those Guidelines. *Id.* The Court concluded, "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575.

Thirteen months later, the Supreme Court decided the case of *Spears v. U.S.* 129 S.Ct. 840 (2009). Through *Spears,* the Court made clear not only that district court judges could reject the crack/powder ratios on a case by case basis, but that they could categorically replace those ratios with their own sentencing scheme. *Id.* The *Spears* Court specifically upheld the decision of Judge Mark Bennett, U.S. District Judge for the Northern District of Iowa to adopt a 20:1 ratio between crack cocaine and powder. *Id.* Based on this precedent, Judge Friedman appears to be well within his discretion in adopting the 1:1 ratio as stated in *Lewis.*

While courts are free to categorically reject the crack cocaine ratios present in the guidelines, nothing requires them to do so. It has been this Court's practice, following *Kimbrough*, to consider sentencing disparities created by the crack/powder ratios, however, the Court has not adopted any specific alternative ratio to apply in a run of the mill case. The Court frequently looks at the effect a 20:1 ratio would have on sentencing, but by no means does so in every crack cocaine case. The Court has never adopted a 1:1 ratio and has no plans to do so in the forseeable future.

Moreover, retroactive modification of sentencing is strictly limited by 18 U.S.C. § 3582(c). Under § 3582, a sentence can only be modified, 1) upon a motion by the Director of the Bureau of Prisons; 2) when the U.S. Sentencing Commission lowers the applicable sentencing guideline range; or 3) when otherwise permitted by Rule 35 of the Federal Rules of Criminal Procedure or a federal statute. Amendments 706 and 713 of the U.S. Sentencing Guidelines fell within a particular justification of the statute which allowed this and other courts to apply the changes retroactively. *Kimbrough* and *Spears,* though critical opinions for *future* federal sentencing practice, do not provide the authorization necessary to revisit and modify past sentences. The defendant has not identified any condition of § 3582 which would allow this Court to amend his sentence. It is worth noting that in the *Lewis* case, Judge Friedman explicitly states that his new 1:1 ratio will be applied to cases that come before him "in the *future*." 623 F.Supp.2d at 45 (emphasis added).

In conclusion, the defendant has already benefitted from an amendment meant to reduce the disparity between crack cocaine and cocaine powder sentences. At this point in time, the Court has not adopted any categorical approach to replace the 100:1 ratio. If the Court does adopt a new ratio in the future it is unlikely to be a straight 1:1 ratio. Even if the Court were to adopt a new categorical ratio it could not be applied retroactively without a showing that one of the conditions

of 18 U.S.C. § 3582(c) were met. For these reasons, the defendant's motion for a reduced sentence is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: October 22, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE